UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| HOLLINGSWORTH CAPITAL PARTNERS – INVESTMENTS II, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2: 24-237-DCR |
| V. | ) ) ) | |
| DELIVERY GROUP INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff/Counter-Defendant Hollingsworth Capital Partners – Investments II, LLC. ("Hollingsworth") filed this action against its former tenant, Defendant/Counter-Plaintiff Delivery Group Inc. ("Delivery Group"), for breach of contract (Count I). [Record No. 1] Delivery Group raised the following counterclaims in its answer: breach of contract (Count I), promissory estoppel (Count II), and unjust enrichment (Count III). [Record No. 9] Hollingsworth moved to dismiss Delivery Group's counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 15-2] Having reviewed the parties' arguments, the undersigned is satisfied that Delivery Group states valid claims in all three counts.

I.

The parties entered a lease agreement on May 21, 2024, for a commercial building located in Erlanger, Kentucky. [Record No. 1-1] The lease included a one-year term, with rent payments of $40,000 per month, payable in quarterly installments. *Id.* The building was leased "as-is," with Hollingsworth agreeing to "maintain the roof, exterior walls, foundations, underground utility lines up to the point of entry in the Building, and structural supports of the

Building and the Common Areas." *Id.* Delivery Group was responsible for maintaining the existing internal systems but was not responsible for improving them beyond their condition at the time of possession. *Id.* It also was required to maintain commercial general liability insurance to cover interruptions to business operations, among other things. In the same section, the lease provides "[u]nder no circumstances shall Landlord be liable to Tenant for any loss, damage to or theft of Tenant's property, or for Tenant's loss of business." *Id.* Finally, the lease includes a merger clause which requires that modifications to be executed in writing and signed by both parties. *Id.*

Once Delivery Group took possession of the property, it observed water intrusion from the roof and foundation and notified Hollingsworth. [Record No. 9 at ¶¶ 4–6] Hollingsworth acknowledged its obligation under the lease to maintain those structures and indicated that it would remedy the problem. *Id.* at ¶ 8. But no remedial action was taken. Thus, the building became untenantable, and unsuitable for its intended purpose. *Id.* at ¶¶ 11, 14, 18] Out of options, Delivery Group vacated the premises on November 29, 2024, and stopped paying rent. [Record Nos. 1 at ¶¶ 17–18 and 18 at 2]. It claims damages for "damaged and destroyed products, relocation costs, and the interruption of its regular business." [Record No. 9 at ¶¶ 10–16].

## II.

For a counter-plaintiff to "survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible upon its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court need not accept legal conclusions or unwarranted factual inferences, the allegations in the counterclaim must be accepted as true

and all reasonable inferences must be construed in the non-movant's favor. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, the Court will dismiss a counterclaim if the factual allegations are insufficient "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

### III.

Hollingsworth argues that Delivery Group fails to state a breach of contract claim because the damages it seeks to recover are excluded under the lease. [Record No. 15-2 at 5] It insists that, "[u]nder no circumstances shall Landlord be liable to Tenant for any loss, damage to or theft of Tenant's property, or for Tenant's loss of business" is sufficiently broad to cover "damaged and destroyed products, relocation costs, and the interruption of its regular business." *Id.* at 6. It further contends that, because the parties did not execute a signed modification to the lease, these damages are not recoverable and, therefore, Delivery Group's claim fails. *Id.* at 8.

Delivery Group makes three arguments in response. It contends that: (1) Hollingsworth was the first to breach, so it may not enforce the lease's terms for its benefit; (2) its self-serving construction of the lease would render it void for lack of mutuality; and (3) its overly broad interpretation of the insurance clause is inconsistent with the text and purpose of requiring a tenant to carry insurance. [Record No 18]

Hollingsworth correctly notes that damages must be pled (and available) for a breach of contract claim. Here, Delivery Group pleads that it endured relocation costs in conjunction with its alleged constructive eviction. Looking to the plain text of the insurance section in the lease, there is nothing that excludes relocation costs: "[u]nder no circumstances shall Landlord

be liable to Tenant for any loss, damage to or theft of Tenant's property, or for Tenant's loss of business." Thus, Delivery Group has stated a claim under Count I.

Hollingsworth makes similar arguments for both promissory estoppel and unjust enrichment: the existence of the lease precludes those claims. [Record No. 15-2 at 8–14] But, as Delivery Group points out, it is pleading in the alternative as permitted by Rule 8(a)(3) of the Federal Rules of Civil Procedure. *Id.* at 9.

### IV.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff/Counter-Defendant Hollingsworth Capital Partners–Investments II, LLC.'s motion to dismiss [Record No. 15-2] is **DENIED**.

Dated: July 9, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky